IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES *for the use and benefit of* M.E.G. INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BRASFIELD & GORRIE, LLC, *et al.*, <br><br> Defendants. | * <br> * <br> * <br> * <br> *   CASE NO. 4:11-CV-139 (CDL) <br> * <br> * <br> * <br> * <br> * |

O R D E R

This action involves disputes regarding a construction project at Fort Benning, Georgia. Defendant Brasfield & Gorrie, LLC ("Brasfield") was the prime contractor on the project. Brasfield obtained a Miller Act payment bond from Defendants Federal Insurance Company ("Federal") and Travelers Casualty and Surety Company of America ("Travelers"). Brasfield subcontracted certain portions of the work to Defendant John W. Parrish Structural Detailer Company, Inc. ("Parrish"), and Parrish subcontracted certain portions of the work to Defendant North Alabama Fabricating Company ("NAFCO"). Plaintiff M.E.G. International, Inc. ("MEG") alleges that Parrish and NAFCO subcontracted work to MEG and that Parrish and NAFCO breached their agreement with MEG by terminating the subcontract and refusing to pay MEG for its services. MEG also asserts a claim

against Brasfield, Federal and Travelers for recovery under the Miller Act payment bond.

Presently pending before the Court is Brasfield's Motion for Summary Judgment (ECF No. 16) and Brasfield's Motion to Strike (ECF No. 26). For the reasons set forth below the summary judgment motion is denied, and the motion to strike is moot. Also pending is NAFCO's Motion to Stay Pending Arbitration (ECF No. 37), which is not yet ripe. The Court previously issued a stay of the briefing on that motion. That stay is hereby lifted.

## DISCUSSION

### I. Brasfield's Summary Judgment Motion

Brasfield seeks summary judgment as to MEG's Miller Act claims against it. Brasfield contends that MEG contracted solely with NAFCO and that MEG is thus a third-tier subcontractor that is not entitled to relief under the Miller Act. MEG asserts that it contracted with both Parrish and NAFCO and was therefore a second-tier subcontractor that can obtain relief under the Miller Act.[1] Brasfield's motion is denied

---

[1] MEG does not dispute that the Miller Act does not protect third-tier subcontractors. *See* 40 U.S.C. § 3133(b)(2) (providing that a person with "a direct contractual relationship with a subcontractor" may make a Miller Act claim); *see also J.W. Bateson Co. v. U.S. ex rel. Bd. of Trustees of Nat'l Automatic Sprinkler Indus. Pension Fund*, 434 U.S. 586, 591-93 (1978) (noting that Miller Act protection extends only to subcontractors and sub-subcontractors).

because there is a genuine fact dispute as to whether MEG contracted directly with Parrish.

It is undisputed that Brasfield had a contract with the U.S. Army Corps of Engineers to complete a project at Fort Benning and that Brasfield subcontracted certain portions of the work to Parrish. It is also undisputed that Parrish subcontracted certain portions of the work to NAFCO. Finally, it is undisputed that MEG entered a subcontract agreement ("MEG Agreement") entitled "Subcontract Agreement John W. Parrish Structural Detailer Company, Inc./North Alabama Fabricating Company, Inc.—M.E.G. International, Inc." Compl. Ex. C, Subcontract Agreement 1, ECF No. 1-2 at 13. Under the MEG Agreement, MEG agreed to perform certain work on the Fort Benning construction project. *Id.* at 2, ECF No. 1-2 at 14. The MEG Agreement defines the "Contractor" as "John W. Parrish Structural Detailer Company, Inc./North Alabama Fabricating Company, Inc." *Id.* at 1, ECF No. 1-2 at 13. Margaret K. Parrish, president of Parrish, signed the MEG Agreement on behalf of Parrish. *Id.* at 4, ECF No. 1-2 at 16. She also initialed each page as "Contractor." *Id.* at 1-4, ECF No. 1-2 at 13-16.

Brasfield nonetheless contends that Parrish was not a party to the MEG Agreement and that the Court should so find as a matter of law. In support of its argument, Brasfield points the

3

Court to evidence of the parties' course of dealing and to evidence that Parrish and NAFCO are separate (though related) entities that perform separate functions. The undisputed fact remains, however, that Parrish is listed as the "Contractor" in the MEG Agreement, and Parrish's president signed the MEG Agreement on behalf of Parrish. Based on the face of the MEG Agreement, it is reasonable to infer that Parrish was a party to the MEG Agreement. The Court is satisfied that this evidence is sufficient to create a genuine fact dispute as to whether Parrish was a party to the MEG Agreement. *See* Fed. R. Civ. P. 56(a) (stating that summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (stating that in determining whether a genuine fact dispute exists, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in his favor). Accordingly, Brasfield's summary judgment motion is denied.

## II. Brasfield's Motion to Strike

Brasfield also seeks to have the Court strike certain portions of the affidavit of Jeffrey H. Meyer, which MEG filed in opposition to Brasfield's summary judgment motion. Since the Court did not rely on any portion of the Meyer affidavit in its

4

consideration of the summary judgment motion, the Court finds the motion to strike moot.

### III. NAFCO's Motion to Stay Pending Arbitration

Also pending is NAFCO's Motion to Stay Pending Arbitration. The motion is not yet ripe because the parties asked the Court to issue a stay of the briefing pending the Court's ruling on Brasfield's summary judgment motion. That stay is hereby lifted. Within fourteen days of today's Order, MEG shall respond to the Motion to Stay Pending Arbitration.

CONCLUSION

As discussed above, the Court finds that Brasfield's Motion to Strike (ECF No. 26) is moot, and the Court denies Brasfield's Motion for Summary Judgment (ECF No. 16). The stay previously issued by the Court is hereby lifted, and MEG shall respond to NAFCO's Motion to Stay Pending Arbitration within fourteen days of today's Order. Any reply brief shall be filed within seven days of the filing of the response.

IT IS SO ORDERED, this 30th day of April, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE